G. Michael Jackson, State Bar No. 139384
**JONES, DAVIS & JACKSON, P.C.**
25350 Magic Mountain Parkway, Suite 300
Valencia, CA 91355
Telephone: (661) 481-2220
Facsimile:  (661) 836-7711
Email: mjackson@jonesdavis.com

Attorneys for Abundant Living Family Church

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ABUNDANT LIVING FAMILY CHURCH, a California non-profit corporation,<br><br>     Plaintiff,<br><br>vs.<br><br>LIVE DESIGN INC., a Florida corporation, SAYAM SOTELO, an individual, JULEBRINE SOTELO, a/k/a J. FRANK SOTELO, an individual,<br><br>     Defendants. | Case No.:<br><br>**COMPLAINT FOR TRADEMARK AND SERVICE MARK INFRINGEMENT - 15 U.S.C. § 1114; TRADEMARK AND SERVICE MARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN - 15 U.S.C. § 1125(A); DILUTION - 15 U.S.C. § 1125(C); CYBERSQUATTING - 15 U.S.C. § 1125(D); UNFAIR, FRAUDULENT & UNFAIR BUSINESS PRACTICES - CAL. BUS. & PROF. CODE §§ 17200 *ET. SEQ*.; AND RECEIPT OF STOLEN PROPERTY – CAL. PEN. CODE § 496(C)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ABUNDANT LIVING FAMILY CHURCH ("ALFC"), a California non-profit corporation, through its attorney of record, G. Michael Jackson of Jones, Davis & Jackson, P.C., files its Complaint for Trademark and Service Mark Infringement - 15 U.S.C. § 1114; Trademark and Service Mark Infringement and False Designation of Origin - 15 U.S.C. § 1125(a); Dilution - 15 U.S.C. § 1125(c); Cybersquatting - 15 U.S.C. § 1125(d); Unfair, Fraudulent & Unfair Business Practices - CAL. BUS. & PROF. CODE §§ 17200 *et. seq*., and Receipt of Stolen Property - CAL. PEN. CODE § 496(c) against Defendants LIVE DESIGN, INC. ("LIVE DESIGN") a Florida corporation, SAYAM SOTELLO ("MS. SOTELO"), an individual, and JULEBRINE F. SOTELO, a/k/a J. FRANK SOTELO ("MR.

SOTELO")(collectively, LIVE DESIGN, MS. SOTELO and MR. SOTELO are "DEFENDANTS"), as follows:

**INTRODUCTION**

1. ALFC is a very large non-denominational Christian church with locations in Rancho Cucamonga, California and Pomona, California.

2. LIVE DESIGN and its principals, MS. SOTELO and MR. SOTELO, engaged in cybersquatting of ALFC's name, through the creation of a website, www.alfc.church, and thereafter held the name hostage to force ALFC into contracts so that LIVE DESIGN could extort money from ALFC. LIVE DESIGN failed to timely deliver on the terms of its contracts and subjected ALFC to suffer additional damages.

3. As a result of the foregoing, ALFC has suffered actual, consequential and incidental damages and is entitled to statutory damages, attorneys' fees and cost.

**THE PARTIES**

4. ALFC is a California non-profit corporation with its principal place of business in San Bernardino County, California. ALFC is a citizen of California.

5. LIVE DESIGN is a Florida corporation with its principal place of business in Coral Springs, Florida. LIVE DESIGN is a citizen of Florida.

6. MS. SOTELO is an individual residing in Parkland, Florida. MS. SOTELO is a citizen of Florida.

7. MR. SOTELO is an individual residing in Parkland, Florida. MR. SOTELO is a citizen of Florida.

8. At all times material to this action, MS. SOTELO and MR. SOTELO are and were instrumentalities and alter egos of each other and LIVE DESIGN. Further, LIVE DESIGN and MS. SOTELO and MR. SOTELO are and were direct participants in the facts alleged in this Complaint.

**JURISDICTION AND VENUE**

9. The Court has original jurisdiction over the federal causes of action alleged in this Complaint pursuant to Title 28 U.S.C. § 1331, over all causes of action pursuant to Title 28 U.S.C. § 1332 due to diversity of citizenship, over the Lanham Act and trademark claims pursuant to 15 U.S.C. §

1121 and 28 U.S.C. § 1338, and over any state law claims by supplemental jurisdiction pursuant to 28 U.S.C. § 1337.

10. Venue is proper in this Court pursuant to Title 28 United States Code § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the Central District of California.

**FACTUAL ALLEGATIONS**

11. ALFC was founded in 1994, and has long been known by the moniker "A-L-F-C". The moniker often appears in ALFC Materials in script as:



A-L-F-C, either in the form of printed letters or script letters, is a mark owned by ALFC, that has regularly been used in commerce by ALFC and has become distinctive and famous (the "ALFC Mark").

12. In 2016, ALFC registered the domain name www.alfcrancho.church with the internet Uniform Resource Locator or URL.

13. ALFC's domain name, www.alfcrancho.church, specifically referenced the Rancho Cucamonga location because that was the only location at the time the URL was registered. ALFC had plans to open a new church location in Pomona in early 2019 and wanted to have a single URL for both locations.

14. In 2018, ALFC sought to establish its social media presence and streamline its advertising and marketing, as well remove the "rancho" portion of its existing URL due to the establishment of the new Pomona location. At this time, ALFC searched for new domain names and noticed that its desired internet URL, www.alfc.church, was already in use.

15. ALFC found that LIVE DESIGN had created the domain name www.alfc.church in 2014. LIVE DESIGN is not known by the initials "alfc" and is not a church. By registering a domain name that was identical or confusingly similar to or dilutive of ALFC's name, LIVE DESIGN was engaging in cybersquatting, a violation of federal law. 15 U.S.C. § 1125(d).

///

16. In January 2019, in an effort to minimize its costs to establish its internet presence under the www.alfc.church domain name, ALFC contacted LIVE DESIGN to inquire about purchasing the domain name, www.alfc.church.

17. No response was received from LIVE DESIGN until late December 2019. Rather than offer to sell www.alfc.church to ALFC, LIVE DESIGN proposed that ALFC hire LIVE DESIGN to assist ALFC with web design and hosting services. ALFC had no interest in hiring LIVE DESIGN, so there were no further discussions at that time.

18. In May 2020, ALFC's existing website, www.alfcrancho.church, was attacked and disabled by an unknown actor.

19. Following the attack on the www.alfcrancho.church website, ALFC contacted LIVE DESIGN again to inquire if it could assist ALFC in getting its website back up and online. LIVE DESIGN stated that ALFC would have to sign a one year contract for $600 per month in order to obtain the URL www.alfc.church and certain other services relating to restoration of ALFC's website. Believing, in good faith, that no other option existed in order for ALFC to obtain the www.alfc.church domain, ALFC signed a contract with LIVE DESIGN. MR. SOTELLO signed the contract on behalf of LIVE DESIGN.

20. Thereafter, LIVE DESIGN proposed to ALFC that it could create a brand new website for ALFC within six months, in addition to the services it would provide in connection with the prior contract. Further, LIVE DESIGN informed ALFC that it did not feel comfortable with ALFC not utilizing any of their other services with the restored website and strongly discouraged such option.

21. LIVE DESIGN then prepared and submitted a Proposal to ALFC to provide a variety of services for ALFC. Again, seeing no other option to obtain www.alfc.church as a domain name and to obtain a functioning website, ALFC ultimately selected Option 2 from the Proposal which provided that LIVE DESIGN was to provide certain Branding and Brand Management Services, Graphic Design and Project Management Services and Web Design and Development services in exchange for $4,500 per month. LIVE DESIGN stated that would take a year or less to build the updated website. Another contract was signed between ALFC and LIVE DESIGN. MR. SOTELLO also signed this contract on behalf of LIVE DESIGN.

22. As a result of the two contracts required by LIVE DESIGN, ALFC was paying LIVE DESIGN $5,100 per month.

23. LIVE DESIGN built a temporary, scaled-down version of a website for the alleged purpose of providing ALFC with a functional presence while LIVE DESIGN started the process of designing ALFC'S new and updated website.

24. LIVE DESIGN did not finish the updated website as it had represented. After 15 months and payments of $5,100 per month, ALFC requested that LIVE DESIGN just deliver the website in its current form, so ALFC could move forward without incurring the monthly service charge. LIVE DESIGN refused and stated that if ALFC wanted to use the new website, ALFC was obligated to enter into additional year contract with LIVE DESIGN.

25. ALFC refused because, among other things, LIVE DESIGN was well past the original timeline for design of the website. After multiple discussions with LIVE DESIGN, ALFC simply asked for the transfer of www.alfc.church domain, and the back-end coding so that ALFC could move forward with building a new website on its own. LIVE DESIGN refused.

## FIRST CAUSE OF ACTION: AGAINST ALL DEFENDANTS

**[Trademark and Service Mark Infringement of the ALFC Mark Under 15 U.S.C. § 1114]**

26. ALFC realleges and incorporates by reference all of the preceding paragraphs.

27. DEFENDANTS have used the ALFC Mark in interstate commerce without express or implied permission or consent from ALFC. DEFENDANTS' use of the ALFC Mark is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval by ALFC of the DEFENDANTS' domain name, www.alfc.church.

28. The above-described acts of the DEFENDANTS constitute trademark and service mark infringement in violation of 15 U.S.C. § 1114(1) and entitle ALFC to all available relief.

29. DEFENDANTS have unfairly profited from the trademark and service mark infringement of the ALFC Mark.

30. By reason of the DEFENDANTS' acts of trademark and service mark infringement, ALFC has suffered damage to the goodwill associated with the ALFC Mark.

///

31. DEFENDANTS and those persons who are in active concert or participation with each DEFENDANTS, have irreparably harmed ALFC and, if not enjoined, will continue to irreparably harm ALFC and the ALFC Mark.

32. DEFENDANTS and those persons who are in active concert or participation with DEFENDANTS have irreparably harmed the general public, which has an interest in being free from confusion, mistake, and deception.

33. ALFC's remedy at law is not adequate to compensate them for the injuries inflicted by DEFENDANTS. Accordingly, ALFC is entitled to permanent injunctive relief pursuant to 15 U.S.C. § 1116.

34. ALFC is entitled to recover the DEFENDANTS' profits, ALFC's actual, consequential and incidental damages, and the costs of this action. ALFC is also entitled to have their damages trebled under 15 U.S.C. § 1117(a).

35. This is an exceptional case, making ALFC eligible for an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## SECOND CAUSE OF ACTION: AGAINST ALL DEFENDANTS

### [Trademark and Service Mark Infringement of the ALFC Mark and False Designation of Origin Under 15 U.S.C. § 1125(a)]

36. ALFC realleges and incorporates by reference all of the preceding paragraphs.

37. The ALFC Mark is a distinctive mark that is associated with ALFC, and exclusively identifies its respective businesses, products, and services.

38. The DEFENDANTS' use in commerce of the ALFC Mark, and a variation thereof in www.alfc.church, is likely to cause confusion, or to cause mistake, or to deceive the relevant public that the DEFENDANTS' goods and services are authorized, sponsored, or approved by, or are affiliated with, ALFC.

39. The DEFENDANTS' acts constitute trademark and service mark infringement of the ALFC Mark, as well as false designation of origin, in violation of 15 U.S.C. § 1125(a), entitling ALFC to all available relief.

40. The DEFENDANTS have unfairly profited from their conduct.

41. By reason of the above-described acts of the DEFENDANTS, ALFC has suffered damage to the goodwill associated with the ALFC Mark.

42. DEFENDANTS and those persons who are in active concert or participation with DEFENDANTS have irreparably harmed ALFC and, if not enjoined, will continue to irreparably harm ALFC and the ALFC Mark.

43. DEFENDANTS and those persons who are in active concert or participation with DEFENDANTS have irreparably harmed the general public, which has an interest in being free from confusion, mistake, and deception. ALFC's remedy at law is not adequate to compensate them for the injuries inflicted by DEFENDANTS. Accordingly, ALFC is entitled to permanent injunctive relief pursuant to 15 U.S.C. § 1116.

44. ALFC is entitled to recover DEFENDANTS' profits, ALFC's actual, consequential and incidental damages, and the costs of this action. ALFC is also entitled to have its damages trebled under 15 U.S.C. § 1117(a).

45. This is an exceptional case, making ALFC eligible for an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

**THIRD CAUSE OF ACTION: AGAINST ALL DEFENDANTS**

**[Dilution of the ALFC Mark Under 15 U.S.C. § 1125(c)]**

46. ALFC realleges and incorporates by reference all of the preceding paragraphs.

47. The ALFC Mark is famous, as that term is used in 15 U.S.C. § 1125(c), and it was famous before the DEFENDANTS' used the ALFC Mark and variations of the ALFC Mark in domain names. This fame is based on, among other things, the inherent distinctiveness, as well as the extensive and exclusive nationwide use, advertising, promotion, and recognition of the ALFC Mark. The DEFENDANTS' use of the ALFC Mark, and variations thereof, in commerce is likely to cause dilution by blurring or dilution by tarnishment of the ALFC Mark.

48. DEFENDANTS' acts constitute dilution by blurring and dilution by tarnishment in violation of 15 U.S.C. § 1125(c), entitling ALFC to all available relief.

49. The DEFENDANTS have unfairly profited from their conduct.

///

50. The DEFENDANT has damaged the goodwill associated with the ALFC Mark and it will continue to cause irreparable harm.

51. DEFENDANTS and those persons who are in active concert or participation with DEFENDANTS have irreparably harmed ALFC and, if not enjoined, will continue to irreparably harm ALFC and the ALFC Mark.

52. DEFENDANTS and those persons who are in active concert or participation with DEFENDANTS have irreparably harmed the general public, which has an interest in being free from confusion, mistake, and deception.

53. ALFC's remedy at law is not adequate to compensate them for the injuries inflicted by DEFENDANTS. Accordingly, ALFC is entitled to permanent injunctive relief pursuant to 15 U.S.C. § 1116.

54. ALFC's remedy at law is not adequate to compensate them for the injuries inflicted by DEFENDANTS. Accordingly, ALFC is entitled to permanent injunctive relief pursuant to 15 U.S.C. § 1116.

55. Because DEFENDANTS acted willfully, ALFC is entitled to damages against DEFENDANTS, and those damages should be trebled pursuant to 15 U.S.C. § 1117.

56. This is an exceptional case, making ALFC eligible for an award of attorneys' fees pursuant to 15 U.S.C. § 1117.

**FOURTH CAUSE OF ACTION:  AGAINST ALL DEFENDANTS**

**[Cybersquatting of the ALFC Mark Under 15 U.S.C. § 1125(d)]**

57. ALFC realleges and incorporates by reference all of the preceding paragraphs.

58. The ALFC Mark is distinctive or famous.  ALFC had used the ALFC Mark for 25 years at the time DEFENDANTS registered, trafficked in or used www.alfc.church.  The domain name www.alfc.church is identical or confusingly similar or dilutive to the ALFC Mark.

59. DEFENDANTS had a bad faith intent to profit from the ALFC Mark.  Such bad faith is evident from LIVE DESIGN's registration of www.alfc.church because, among other things:

- none of DEFENDANTS has any relationship or claim to A-L-F-C, and none of the DEFENDANTS is a church;

- DEFENDANTS do not have any trademark or other intellectual property rights in www.alfc.church;
- The legal name of any of the DEFENDANTS does not consist of any part of A-L-F-C or church;
- DEFENDANTS have not made any prior use of www.alfc.church, A-L-F-C or church in connection with the bona fide offering of any goods or services;
- DEFENDANTS have not made any *bona fide* noncommercial or fair use of A-L-F-C or church at www.alfc.church; and
- DEFENDANTS' offer to transfer, sell or otherwise assign www.alfc.church to ALFC for financial gain without having used, or having an intent to use, www.alfc.church in a *bona fide* offering of any goods or services.

60. DEFENDANTS' registration, use, and/or trafficking in the ALFC Mark constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling ALFC to all available relief.

61. DEFENDANTS and those persons who are in active concert or participation with DEFENDANTS have irreparably harmed ALFC and, if not enjoined, will continue to irreparably harm ALFC and the ALFC Mark.

62. DEFENDANTS and those persons who are in active concert or participation with DEFENDANTS, have irreparably harmed the general public, which has an interest in being free from confusion, mistake, and deception.

63. ALFC's remedy at law is not adequate to compensate it for the injuries DEFENDANTS inflicted on ALFC. Accordingly, ALFC is entitled to permanent injunctive relief pursuant to 15 U.S.C. § 1116.

64. ALFC is entitled to recover DEFENDANTS' profits, ALFC's actual, consequential and incidental damages, and the costs of this action. ALFC is also entitled to have its damages trebled under 15 U.S.C. § 1117(a).

65. This is an exceptional case, entitling ALFC to an award of reasonable attorneys' fees under 15 U.S.C. § 1117.

///

## FIFTH CAUSE OF ACTION: AGAINST ALL DEFENDANTS

**[Unfair, Fraudulent & Unfair Business Practices Act - CAL. BUS. & PROF. CODE §§ 17200 *et. seq.*]**

66. ALFC realleges and incorporates by reference all of the preceding paragraphs.

67. DEFENDANTS have engaged in and continue to engage in unlawful, fraudulent and unfair practices, which are substantially likely to mislead the public, by representing to members of the general public that DEFENDANTS had an association or relationship with the ALFC Mark, and www.alfc.church.

68. DEFENDANTS' conduct resulted in profits and pecuniary gain received from DEFENDANTS.

69. The business acts and practices of DEFENDANTS are unlawful, unfair and deceptive within the meaning of the California consumer protection statutes because DEFENDANTS have engaged in fraud and extortion through cybersquatting to force ALFC to seek LIVE DESIGN's services and to sign contracts with LIVE DESIGN in order to regain control over the domain name, www.alfc.church , and otherwise engaged in acts that deceived, or were likely to deceive, the public.

70. As a direct and proximate result of DEFENDANTS' conduct, as set forth herein, DEFENDNATS have received ill-gotten gains and/or profits, including, but not limited to payments made pursuant to the contracts. Therefore, DEFENDANTS were and are unjustly enriched. Pursuant to California Business & Professions Code Section 17203, ALFC requests restitution and/or restitutionary disgorgement of all sums, including profits, obtained in violation of California Business & Professions Code Section 17200.

71. DEFENDANTS and those persons who are in active concert or participation with DEFENDANTS have irreparably harmed ALFC and, if not enjoined, will continue to irreparably harm ALFC.

72. DEFENDANTS and those persons who are in active concert or participation with DEFENDANTS have irreparably harmed the general public, which has an interest in being free from confusion, mistake, and deception.

73. ALFC's remedy at law is not adequate to compensate them for the injuries inflicted by DEFENDANTS. Accordingly, ALFC is entitled to permanent injunctive relief.

## SIXTH CAUSE OF ACTION: AGAINST ALL DEFENDANTS

### [Receipt of Stolen Property - CAL. PENAL CODE § 496(c)]

74. ALFC realleges and incorporates by reference all of the preceding paragraphs.

75. By registering the domain name, www.alfc.church, and then subsequently extorting money from ALFC to obtain www.alfc.church, DEFENDANTS received stolen property in violation of California law.

76. DEFENDANTS received stolen property of ALFC in a manner constituting theft or extortion, knowing the property to be so stolen or obtained and withheld that property from its true owner, ALFC.

77. Any person who knowingly receives property obtained by theft or extortion violates California Penal Code Section 496(a). A party injured due to a violation of Section 496(a) may bring an action for three (3) times the amount of actual, consequential and incidental damages, costs of suit and attorneys' fees against the person in violation of Section 496(a). CAL. PEN. CODE § 496(c).

## REQUEST FOR RELIEF

**WHEREFORE**, ALFC requests:

1. That the Court find that DEFENDANTS are liable for Trademark and Service Mark Infringement under 15 U.S.C. § 1114, Trademark and Service Mark Infringement and False Designation of Origin under 15 U.S.C. § 1125(a), Dilution under 15 U.S.C. § 1125(c); Cybersquatting under 15 U.S.C. § 1125(d), Unfair, Fraudulent & Unfair Business Practices under Cal. Bus. & Prof. Code §§ 17200 *et. seq.*, and Receipt of Stolen Property under California Penal Code § 496(c);

2. That ALFC be awarded ALFC's actual, consequential, incidental damages and statutory damages, including trebling of damages;

3. That ALFC be awarded DEFENDANTS' profits or, in the alternative, $100,000 in statutory damages per infringing domain name in accordance with the provisions of 15 U.S.C. § 1117(d);

4. That ALFC be awarded injunctive relief in accordance with the provisions of 15 U.S.C. § 1116 and any other appliable provision of law;

5. That the Court award ALFC its reasonable and necessary attorneys' fees pursuant to 15 U.S.C. § 1117 and any other applicable provision of law;

6. That the Court award ALFC its costs of suit incurred herein; and

7. That the Court award such other or further relief as the Court may deem just and proper.

Dated:      January 24, 2022          JONES, DAVIS & JACKSON, PC


By:    /s/ G. Michael Jackson
       G. Michael Jackson
       Attorneys for Abundant Living Family Church

**DEMAND FOR TRIAL BY JURY**

Plaintiff ABUNDANT LIVING FAMILY CHURCH, hereby demands a trial by jury to decide all issues so triable in this case.

Dated: January 24, 2022                JONES, DAVIS & JACKSON, PC

By:     /s/ G. Michael Jackson
        G. Michael Jackson
        Attorneys for Abundant Living Family Church