'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABUNDANT LIVING FAMILY CHURCH,<br><br>        Plaintiff,<br><br>    v.<br><br>LIVE DESIGN, INC., et al.,<br><br>        Defendants. | 5:22-cv-00140-RSWL-MRWx<br><br>**ORDER re:**<br><br>**DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE** [18] |

    Plaintiff Abundant Living Family Church ("ALFC") brings this Action [1] against Defendants Live Design, Inc. ("Live Design"), Sayam Sotelo, and J. Frank Sotelo (collectively, "Defendants") asserting trademark infringement and other related claims.

    Currently before the Court is a Motion to Dismiss Sayam Sotelo and J. Frank Sotelo ("the Sotelos") from this Action for lack of personal jurisdiction and improper venue ("Motion") [18] filed by Defendants. Having reviewed all papers submitted pertaining to the

Motion, the Court **NOW FINDS AND RULES AS FOLLOWS**: the
Court **GRANTS** the Motion.

**I.   BACKGROUND**

**A.   Factual Background**

ALFC alleges the following in its Complaint:

ALFC is a non-denominational Christian church with
locations in Rancho Cucamonga, California, and Pomona,
California.  Compl. ¶ 1, ECF No. 1.  ALFC's principal
place of business is in San Bernardino, California.  Id.
¶¶ 1, 4.  Live Design is a Florida corporation with its
principal place of business in Coral Springs, Florida.
Id. ¶ 5.  The Sotelos are officers of Live Design and
reside in Parkland, Florida.  Id. ¶¶ 6-7.

In 2016, ALFC created the domain name,
www.alfcrancho.church, referencing only the Rancho
Cucamonga location.  Id. ¶¶ 12-13.  In 2018, because
ALFC planned to open its Pomona, California location,
ALFC sought to streamline its online presence via a new
domain name, www.alfc.church ("Domain Name").  Id. ¶¶
13-14.  When ALFC went to change its website to the
Domain Name, however, ALFC found that the Domain Name
was already in use by Live Design.  Id. ¶¶ 14-15.

In January 2019, ALFC contacted Live Design to
inquire about purchasing the Domain Name.  Id. ¶ 16.
Live Design did not agree.  See id. ¶ 17.  In May 2020,
following a cyberattack to www.alfcrancho.church, ALFC
contacted Live Design for assistance in restoring the
website.  Id. ¶¶ 18-19.  The parties then entered into

2

1  two contracts whereby ALFC would pay a monthly fee to
2  Live Design in exchange for the Domain Name and other
3  website design services.  See id. ¶¶ 19-21.  J. Frank
4  Sotelo signed both contracts on behalf of Live Design.
5  Id.
6      Live Design did not perform under the contracts as
7  it had represented.  Id. ¶ 24.  ALFC then requested that
8  Live Design deliver the Domain Name to ALFC in its then-
9  current form so that ALFC could move forward without
10  incurring monthly service charges.  Id.  Live Design
11  refused.  Id. ¶¶ 24-25.
12  **B.   Procedural Background**
13      ALFC filed its Complaint [1] on January 24, 2022.
14  On May 5, 2022, Defendants filed the instant Motion
15  [18].  ALFC filed its Opposition [19] on May 17, 2022.
16  On June 2, 2022, Defendants replied [20].
17                    **II.  DISCUSSION**
18  **A.   Legal Standard**
19      Federal Rule of Civil Procedure 12(b)(2) authorizes
20  dismissal of an action for lack of personal
21  jurisdiction.  Once a defendant moves to dismiss for
22  lack of personal jurisdiction, the plaintiff bears the
23  burden of demonstrating that jurisdiction is
24  appropriate.  Schwarzenegger v. Fred Martin Motor Co.,
25  374 F.3d 797, 800 (9th Cir. 2004).  Where the motion is
26  "based on written materials rather than an evidentiary
27  hearing, the plaintiff need only make a prima facie
28  showing of jurisdictional facts" to survive dismissal.

1   <u>Id.</u> (internal quotation marks omitted).  The court may

2   consider evidence presented in affidavits to assist in

3   its determination of jurisdictional issues.  <u>Data Disc,</u>

4   <u>Inc. v. Sys. Tech. Ass'n, Inc.</u>, 557 F.2d 1280, 1285 (9th

5   Cir. 1977).  Although the plaintiff cannot rely on the

6   bare allegations of the complaint, uncontroverted

7   allegations in the complaint must be taken as true and

8   conflicts between statements contained in the parties'

9   affidavits must be resolved in the plaintiff's favor.

10  <u>Schwarzenegger</u>, 374 F.3d at 800.

11  **B.  <u>Discussion</u>**

12      1.  <u>Personal Jurisdiction</u>

13      District courts in California may exercise personal

14  jurisdiction over a nonresident defendant to the extent

15  permitted by the Due Process Clause of the United States

16  Constitution.  Cal. Civ. Prov. Code § 410.10.  The Due

17  Process Clause permits courts to exercise personal

18  jurisdiction over any defendant who has sufficient

19  "minimum contacts" with the forum such that the

20  "maintenance of the suit [would] not offend traditional

21  notions of fair play and substantial justice."  <u>Int'l</u>

22  <u>Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945).

23      Personal jurisdiction may be founded on either

24  general jurisdiction or specific jurisdiction.  <u>Mulato</u>

25  <u>v. Wells Fargo Bank, N.A.</u>, 76 F. Supp. 3d 929, 944 (N.D.

26  Cal. 2014).  Here, ALFC does not dispute that the Court

27  lacks general jurisdiction over the Sotelos.  <u>See</u>

28  <u>generally</u> Opp'n, ECF No. 19.  Accordingly, the Court

4

1  focuses only on whether it may exercise specific
2  jurisdiction over the Sotelos.
3      In the Ninth Circuit, a court may exercise specific
4  jurisdiction over a nonresident defendant if: (1) the
5  defendant purposefully availed himself of the privileges
6  of conducting activities in the forum; (2) the claim
7  arises out of or results from the defendant's forum-
8  related activities; and (3) the exercise of jurisdiction
9  is reasonable.  Apple Inc. v. Allan & Assocs. Ltd., 445
10 F. Supp. 3d 42, 51 (N.D. Cal. 2020) (citation omitted).
11 The plaintiff bears the burden of satisfying the first
12 two elements.  Mulato, 76 F. Supp. 3d at 944.  Only
13 after the first two elements are met does the burden
14 shift to the defendant to satisfy the third element.
15 Id.  Here, ALFC has not met its burden to satisfy the
16 first element regarding purposeful availment.
17 Accordingly, the Court **GRANTS** Defendants' Motion to
18 Dismiss the Sotelos from this Action for lack of
19 personal jurisdiction.
20      a.  Purposeful Availment and the Fiduciary
21          Shield Doctrine
22      "Purposeful availment analysis examines whether the
23 defendant's contacts with the forum are attributable to
24 his own actions or are solely the actions of the
25 plaintiff."  Sinatra v. National Enquirer, 854 F.2d
26 1191, 1195 (9th Cir. 1988).  "Purposeful availment
27 requires that the defendant engage in some form of
28 affirmative conduct allowing or promoting the

transaction of business within the forum state." <u>Wolf</u>
<u>Designs, Inc. v. DHR Co.</u>, 322 F. Supp. 2d 1065, 1070
(C.D. Cal. 2004) (citing <u>Decker Coal Co. v. Commonwealth</u>
<u>Edison Co.</u>, 805 F.2d 834, 840 (9th Cir. 1986)).  The
focus on the affirmative conduct of the defendant is
designed to ensure that the defendant is not "haled into
court as the result of random, fortuitous or attenuated
contacts, or on account of the unilateral activities of
third parties." <u>Id.</u> (citing <u>Shute v. Carnival Cruise</u>
<u>Lines</u>, 897 F.2d 377, 381 (9th Cir. 1990), <u>rev'd on other</u>
<u>grounds</u>, 499 U.S. 585 (1991)).

ALFC argues that this Court has specific
jurisdiction over the Sotelos because the Sotelos
purposefully directed business activities at California.
Mot. 7:20-28.  The Sotelos oppose, arguing that they
acted on behalf of Live Design and are therefore
protected by the fiduciary shield doctrine.  Mot. 20:3-
9.  In response, ALFC asserts that the "guiding spirit"
exception to the fiduciary shield doctrine applies and
that the Sotelos should not be insulated from
jurisdiction simply because they acted on behalf of Live
Design.  Opp'n 11:14-12:4.

"The fiduciary shield doctrine protects individuals
from being subject to jurisdiction solely on the basis
of their employers' minimum contacts within a given
jurisdiction." <u>Winery v. Graham</u>, No. C 06-3618 MHP,
2007 WL 963252, *5 (N.D. Cal. Mar. 2007) (citation
omitted).  Thus, "[u]nder the fiduciary shield doctrine,

6

1    a person's mere association with a corporation that
2    causes injury in the forum state is not sufficient in
3    itself to permit that forum to assert jurisdiction over
4    the person." Davis v. Metro Prods., Inc., 885 F.2d 515,
5    520 (9th Cir. 1989) (citations omitted).  However, the
6    fiduciary shield doctrine does not inherently shield
7    employees from suit for acts they commit in their
8    individual capacities.  Arcona, Inc. v. Farmacy Beauty,
9    LLC, No. 217CV07058ODWJPR, 2018 WL 1441155, at *3 (C.D.
10   Cal. Mar. 22, 2018) (citations omitted).  Employees may
11   be individually liable where: (1) the corporation is the
12   agent or alter ego of the individual defendant; or (2)
13   the individual controlled or directly participated in
14   the alleged activities.  Wolf Designs, 322 F. Supp. 2d
15   at 1072 (citations omitted).  "[M]ere knowledge of
16   tortious conduct by the corporation is not enough to
17   hold a director or officer liable for the torts of the
18   corporation absent other unreasonable participation in
19   the unlawful conduct by the individual." Id. (citation
20   and internal quotation marks omitted).  Rather, in
21   determining whether to exercise specific jurisdiction
22   over a nonresident defendant acting on behalf of a
23   corporation, the central determination is whether the
24   nonresident defendant was a primary participant or
25   "guiding spirit" in the alleged wrongdoing.  Id.
26   (citation omitted).
27        Contrary to ALFC's allegations, the Court finds
28   that the Sotelos are protected under the fiduciary

shield doctrine.  In analogous cases where courts have declined to extend the fiduciary shield doctrine, plaintiffs have put forth evidence showing the individual defendants' direct involvement in the alleged wrongdoing.  See Wolf Designs, 322 F. Supp. 2d at 1073 (exercising personal jurisdiction where a nonresident officer-defendant was the sole proprietor of his corporation and had the "final say" as to the corporation's policies); Arcona, 2018 WL 1441155, at *4 (exercising personal jurisdiction over nonresident officer-defendants who played a "central role" in the wrongdoing, directed the corporation's business in the forum, and educated employees in the forum regarding the infringing product); LTC Now, LLC v. Relyfy Corp., No. 820CV00351JLSADS, 2020 WL 5167757, at *4 (C.D. Cal. June 26, 2020) (exercising personal jurisdiction over nonresident officer-defendant where he was the "sole owner and CEO" of the corporation and evidence confirmed no other employees of the corporation were involved in the negotiations giving rise to the lawsuit).  But such is not the case here.  ALFC has not met its burden to show that Live Design is the alter ego of the Sotelos or that the Sotelos primarily participated in the alleged wrongdoing.  The Complaint contains no allegations addressing the Sotelo's specific involvement in the alleged trademark infringement whatsoever.  ALFC only notes that J. Frank Sotelo signed the contracts assigning the trademark rights to ALFC on behalf of Live

Design, and makes a single conclusory statement that the Sotelos "are and were instrumentalities and alter egos of each other and Live Design . . . and were direct participants" in the alleged wrongdoing.  Compl. ¶¶ 8, 19, 20.  This is insufficient to show that the Sotelos were the moving force behind the infringing activity.  See Apple, 445 F. Supp. 3d at 57 (holding that a nonresident officer-defendant did not avail himself of the benefits of a particular forum where he had only signed and performed a contract on behalf of a corporation).

ALFC's Opposition is similarly deficient in evidence of the Sotelos' involvement in the infringing activity.  ALFC merely recites the standard for the "guiding spirit" analysis while contending that the Sotelos are subject to jurisdiction in California simply because they are executives at Live Design and were involved in the business relationship between ALFC and Live Design.  See Opp'n 14:18-15:13.  Again, more is required to establish personal jurisdiction over the Sotelos, and ALFC has not met its burden.  See Fasugbe v. Willms, No. CIV. 2:10-2320 WBS, 2011 WL 3667440, at *4 (E.D. Cal. Aug. 22, 2011) (dismissing individual defendant for lack of personal jurisdiction where plaintiff had alleged, without more, that the defendant was the "guiding spirit," "central figure," and "made all final decisions"); Shenzhen Riitek Tech. Co. v. AERB, Inc., No. 818CV00645JLSJDE, 2018 WL 5264077, at *7

(C.D. Cal. July 18, 2018) (dismissing individual defendant for lack of personal jurisdiction where plaintiffs only alleged that the individual defendant was employed by the corporation and owned the alleged infringing trademark).

Because the Sotelos are protected under the fiduciary shield doctrine and ALFC has not otherwise shown how the Sotelos purposefully directed their actions at California, ALFC has failed to meet its burden. As such, the Court need not discuss the second and third factors required for specific jurisdiction and **DISMISSES** the Sotelos from this Action for lack of personal jurisdiction.

                    b.   Jurisdictional Discovery

ALFC argues that limited jurisdictional discovery should be permitted if the Court requires additional jurisdictional facts to rule on the Motion. Opp'n 18:1-13. "A district court, however, need not allow jurisdictional discovery where 'it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction,' unless there are contested jurisdictional facts or more facts are needed." Apple, 445 F. Supp. 3d at 58 (quoting Laub v. U.S. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003)). Further, "where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited

discovery . . . ."  <u>Terracom v. Valley Nat. Bank</u>, 49 F.3d 555, 562 (9th Cir. 1995) (citation omitted).

The Court will not allow limited jurisdictional discovery here.  Clearly, the Sotelos do not have minimum contacts with California.  As stated, any contacts the Sotelos had with California were made in the course and scope of their employment with Live Design, and such activities are protected by the fiduciary shield doctrine.  To the extent the Sotelos have any personal contacts with California, their contacts are weak and attenuated at best and cannot support the exercise of personal jurisdiction.  <u>See</u> Mot. 21:17-20.  In the face of the Sotelos' specific denials of personal jurisdiction, ALFC has not made any additional showing to establish jurisdiction.  Further jurisdictional discovery would not reveal facts demonstrating a basis for personal jurisdiction over the Sotelos, and therefore the Court **DENIES** ALFC's request to conduct limited jurisdictional discovery.

2. <u>Leave to Amend</u>

"The court should give leave [to amend] freely when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In the Ninth Circuit, "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'"  <u>United States v. Webb</u>, 655 F.2d 977, 979 (9th Cir. 1981).  However, the court is not required to grant leave to amend if it determines that permitting a plaintiff to amend would be an exercise in futility.

1   See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery, 829

2   F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend

3   is not an abuse of discretion where the pleadings before

4   the court demonstrate that further amendment would be

5   futile.").

6       Here, further amendment would be futile.  As

7   stated, ALFC cannot bring forth more facts to establish

8   jurisdiction over the Sotelos because the Sotelos simply

9   do not have minimum contacts with California.  Leave to

10  amend is **DENIED.**

11                  **III.   CONCLUSION**

12      Based on the foregoing, the Court **GRANTS** the

13  Defendants' Motion to Dismiss the Sotelos from this

14  Action for lack of personal jurisdiction and **DENY** ALFC's

15  request for limited jurisdictional discovery.  The Court

16  need not address Defendants' remaining arguments

17  regarding venue given the discussion on personal

18  jurisdiction.  Leave to amend is also **DENIED.**  In the

19  interest of clarity, the Court notes that the Action

20  will still proceed against Live Design in light of the

21  disposition of this Motion.

22      **IT IS SO ORDERED.**

23

24  DATED: June 15, 2022

25

26                  /s/ Ronald S.W. Lew

27                  **HONORABLE RONALD S.W. LEW**

28                  Senior U.S. District Judge